IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SLEEP DOCTOR, LLC, a Michigan Limited Liability Company, | Case No. |
| Plaintiff, | Honorable |
| v. | **COMPLAINT** |
| SLEEP DOCTOR HOLDINGS, LLC, a Delaware Limited Liability Company, THE SLEEP DOCTOR, LLC, a Delaware Limited Liability Company, BILL FISH, a resident of Ohio, and MICHAEL BREUS, a resident of California, | |
| Defendants. | |

Regan A. Gibson (P83322)
VARNUM LLP
*Attorneys for Plaintiff*
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
ragibson@varnumlaw.com

Plaintiff Sleep Doctor, LLC ("Plaintiff"), by and through its attorneys, Varnum LLP, for its Complaint against Defendants Sleep Doctor Holdings, LLC, FKA OneCare Media, LLC, The Sleep Doctor, LLC, Bill Fish, and Michael Breus (collectively, the "Defendants") alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff has operated continuously under the SLEEP DOCTOR® brand for nearly three decades in connection with a broad array of sleep-related products and services, including

(but not limited to) Sleep Doctor-branded mattresses and other sleep-related products, Sleep Doctor physical retail stores, and online retail store services for a variety of essential sleep-related products offered via Plaintiff's website.

2.  On or around August 8, 2023, Defendant Sleep Doctor Holdings, LLC, formerly known as OneCare Media, LLC, rebranded its "OneCare Media" business to "Sleep Doctor" and began prominently using the "Sleep Doctor" trademark in connection with goods and services directly overlapping or closely related to those of Plaintiff, including, inter alia, (i) online retail store services featuring numerous sleep-related products, and (ii) sleep-related product recommendations, reviews, and information, including, most extensively, for mattresses.

3.  Defendants subsequently solicited Plaintiff in an attempt to obtain the rights in and to Plaintiff's SLEEP DOCTOR® mark, which Plaintiff did not grant.

4.  Nevertheless, Defendants continue, to this day, to prominently use the identical "Sleep Doctor" trademark in connection with their services that are directly overlapping and/or closely related to those of Plaintiff, despite Plaintiff's longstanding prior use of the SLEEP DOCTOR® mark.

5.  Accordingly, this action is brought on grounds of infringement of Plaintiff's federally-registered and incontestable SLEEP DOCTOR® trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition, deceptive trade practices, and trademark infringement under the statutory and common laws of the State of Michigan, all arising from the Defendants' unauthorized use of the "SLEEP DOCTOR" trademark in connection with the marketing, advertising, promotion, offering

for sale, and/or sale of various sleep-related products and services, including via the Defendants' website.

6. Plaintiff seeks injunctive and monetary relief.

## **PARTIES, JURISDICTION, AND VENUE**

7. Plaintiff Sleep Doctor, LLC is a limited liability company formed under the laws of the state of Michigan, with its principal place of business located at 1568 Old Lantern Ct., S.E., Caledonia, Michigan 49316.

8. Upon information and belief, Defendant Sleep Doctor Holdings, LLC, formerly known as OneCare Media, LLC, is a limited liability company formed under the laws of the state of Delaware, with its principal place of business located at 1414 NE 42nd Street, Suite 400, Seattle, Washington 98105.

9. Upon information and belief, Defendant The Sleep Doctor, LLC, is a limited liability company formed under the laws of the state of Delaware, with its principal place of business located at 1414 NE 42nd Street, Suite 400, Seattle, Washington 98105.

10. Upon information and belief, Defendant Bill Fish is an individual who resides in Cincinnati, Ohio, is a citizen of the United States, and holds the title of "President" at Defendant Sleep Doctor Holdings, LLC.

11. Upon information and belief, Defendant Michael Breus is an individual who resides in Manhattan Beach, California, is a citizen of the United States, and holds the title of "Chief Sleep Officer" at Defendant Sleep Doctor Holdings, LLC.

12. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over all parties, and venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

### GENERAL ALLEGATIONS

A. **PLAINTIFF AND ITS LONGSTANDING, CONTINUOUS USE OF THE SLEEP DOCTOR® TRADEMARK**

14. Plaintiff opened its first Sleep Doctor retail location in 1995 and has operated continuously under the SLEEP DOCTOR® trademark (hereinafter, the "Sleep Doctor Mark") in United States commerce ever since, at one point having 24 separate coexisting brick and mortar Sleep Doctor retail locations dedicated to the sale of mattresses and other essential sleep-related products.

15. In addition to its physical retail store locations operating under the Sleep Doctor Mark, Plaintiff has continuously operated a website at "sleepdoctormattress.com" (hereinafter, the "Sleep Doctor Website") since at least as early as December 2000. The Sleep Doctor Website initially offered, inter alia, services corresponding to (i) information on sleep and sleep health, and (ii) details of the sleep-related products sold at its physical Sleep Doctor retail locations. See Archive Screenshots of the Sleep Doctor Website, attached hereto as **Exhibit A**.

16. Since at least as early as March 2015, Plaintiff has expanded the scope of the services offered on the Sleep Doctor Website to include an online retail store (ecommerce) operating under the Sleep Doctor Mark and featuring goods such as mattresses and other essential sleep-related products. See Current Screenshots of the Sleep Doctor Website, attached hereto as **Exhibit B**.

17. At its Sleep Doctor retail locations and on the Sleep Doctor Website, Plaintiff presently advertises, offers for sale, and sells various types and styles of mattresses and a variety

of other essential sleep-related products, including beds, adjustable bed bases, pillows, sheets, mattress protectors, and bed frames. Attached hereto as **Exhibit C** are representative samples showing Plaintiff's use of the Sleep Doctor Mark at its Sleep Doctor retail locations and on the Sleep Doctor Website.

18. Plaintiff advertises, offers for sale, and sells its own line of SLEEP DOCTOR® mattresses under the Sleep Doctor Mark, in addition to the sale of mattress brands such as Sealy®, Tempur-Pedic®, and Serta®, on the Sleep Doctor Website and at its Sleep Doctor retail locations. See *id.*

19. Plaintiff is the owner of valid and subsisting federal rights in the Sleep Doctor Mark via U.S. Trademark Registration No. 4597065 on the Principal Register in the United States Patent and Trademark Office (USPTO) covering "retail store services featuring beds, mattresses, and other bedding products," which has obtained incontestable status within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached hereto as **Exhibit D** is a true and correct copy of the registration certificate for Plaintiff's U.S. Trademark Registration No. 4597065, which claims first use of the mark in interstate commerce at least as early as April 19, 1995, and was issued by the USPTO on September 2, 2014.

20. Plaintiff is also the owner of two pending federal trademark registrations corresponding to the Sleep Doctor Mark, including U.S. Trademark Serial No. 98457149 in International Class 020 covering "Mattresses; Mattresses made of foam; Mattresses made of latex; Mattress foundations; Mattress toppers; Mattresses and pillows; Beds, mattresses, pillows, and bolsters; Pillows; Bed pillows; Foam pillows; Beds; Bed frames; Bed bases; Adjustable bed bases"[1] and U.S. Trademark Serial No. 98456631 in International Class 035 covering "Online

---

[1] Claiming first use in interstate commerce at least as early as April 19, 1995.

retail store services featuring mattresses, mattress foundations, mattress toppers, pillows, beds, bed frames, bed bases, adjustable bed bases, bed sheets, and mattress protectors; Retail store services featuring mattresses, mattress foundations, mattress toppers, pillows, beds, bed frames, bed bases, adjustable bed bases, bed sheets, and mattress protectors."[2] Attached hereto as **Exhibit E** are true and correct copies of the applications for Plaintiff's U.S. Trademark Serial Nos. 98457149 and 98456631.

21. As a result of its widespread, continuous, and longstanding use of the Sleep Doctor Mark to identify its (i) retail store services featuring various sleep-related products, (ii) online retail store services featuring various sleep-related products, and (iii) sleep-related products, including mattresses (collectively, the "Sleep Doctor Goods and Services"), and Plaintiff as their source, Plaintiff owns strong, valid, and subsisting federal statutory and common law rights in and to the Sleep Doctor Mark.

22. Plaintiff has also expended substantial time, money, and resources marketing, advertising, and promoting the Sleep Doctor Goods and Services sold under the Sleep Doctor Mark, including via both the internet and various forms of print, auditory, and digital media. Since opening its first Sleep Doctor retail store location in 1995, Plaintiff has expended in excess of $14 million dollars on the advertising, marketing, and promotion of the products and services offered under the Sleep Doctor Mark.

23. As a result of Plaintiff's substantial expenditures and efforts of both time and money, the Sleep Doctor Mark has come to signify the high quality of the sleep-related products and services offered by Plaintiff and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

---

[2] Claiming first use in interstate commerce at least as early as April 19, 1995.

B.  **DEFENDANTS' REBRAND TO "SLEEP DOCTOR" AND CORRESPONDING UNLAWFUL ACTIVITIES**

24. Upon information and belief, Defendants "Sleep Doctor Holdings, LLC" and "The Sleep Doctor, LLC" own and/or operate the "sleepdoctor.com" website (hereinafter, the "Infringing Website").

25. Upon information and belief, on or about August 8, 2023, Defendant Sleep Doctor Holdings, LLC, then known as "OneCare Media, LLC," rebranded its business from "OneCare Media" to "Sleep Doctor" in an initiative led and announced by Defendant Bill Fish, the "President of Sleep Doctor," and correspondingly redirected its homepage from the "onecare.com" domain to "sleepdoctor.com." See Press Release, "OneCare Media Rebrands as Sleep Doctor, Elevating Sleep Health Commitment," attached hereto as **Exhibit F**.

26. In connection with its comprehensive rebrand from "OneCare Media" to "Sleep Doctor," Defendants, by and through Defendant Bill Fish, also announced an "evolution in the strategic direction of the company" to expand their capabilities "beyond sleep education" to also offer goods and services under the "Sleep Doctor" mark (hereinafter, the "Infringing Mark") that are confusingly similar to, and directly overlapping with, those of the Plaintiff, including, inter alia, "direct-to-consumer eCommerce, offering a range of vetted . . . sleep essentials." See *id.*

27. In addition to the wording of the domain name itself (i.e., "sleepdoctor.com"), the Infringing Website conspicuously displays the Infringing Mark throughout, including prominently in the Infringing Website's header, in the Infringing Website's footer, and, importantly, throughout the Infringing Website's ecommerce shop. See Compilation of Infringing Website Screenshots, attached hereto as **Exhibit G**.

28. The Infringing Mark is unequivocally identical to Plaintiff's standard character Sleep Doctor Mark (i.e., Plaintiff's SLEEP DOCTOR® mark versus Defendants' "Sleep Doctor" mark).

29. True to the statements made by Defendant Bill Fish in the August 8, 2023, press release, Defendants have expanded into online retail store services under the Infringing Mark featuring a variety of sleep-related products, including pillows, mattress toppers, bedding and sheets, CPAP machines, home sleep tests, and sleep supplements. See *id.* The Infringing Website and the products available for purchase thereon are accessible and available to consumers throughout the United States, including to consumers located within the State of Michigan, to which Defendants offer and advertise "free shipping." See Compilation of Infringing Website Screenshots, **Exhibit G**.

30. Defendants' online retail store services offered under the Infringing Mark featuring a variety of sleep-related products, as outlined above, directly overlap the goods and services that Plaintiff has offered under its Sleep Doctor Mark on its Sleep Doctor Website for nearly ten years, namely, online retail store services featuring mattresses and a variety of other essential sleep-related products, including beds, adjustable bed bases, pillows, sheets, mattress protectors, and bed frames.

31. Upon information and belief, Defendants also intend to offer a line of mattresses available for consumer purchase via the Infringing Website's ecommerce shop operating under the Infringing Mark.

32. The further planned expansion of Defendants' services to include the online sale of mattresses emphasizes the already egregious direct overlap that exists between the Plaintiff's and Defendants' online retail store services.

33. On the Infringing Website, Defendants are also engaged in offering sleep-related product recommendations, reviews, and information under the Infringing Mark, including, most extensively, for mattresses. See *id.* Such recommendations, reviews, and information offered under the Infringing Mark prominently feature the thoughts, opinions, and advice of Defendant Michael Breus. See *id.*

34. Each of Defendants' reviews and recommendations utilizing "Sleep Doctor" via its Infringing Website includes a link that directs readers to a third-party website to purchase the reviewed and/or recommended sleep-related item, with dozens of third-party website links ultimately provided, thereby facilitating the sale of mattresses and other essential sleep-related products by others. See *id.* Upon information and belief, Defendants earn a commission for each of such sleep-related product purchases. See Infringing Website's Advertising Disclosure, attached hereto as **Exhibit H**.

35. The mattresses reviewed, recommended, and linked on the Infringing Website compete directly with the mattresses sold both in stores and online by Plaintiff, including those sold directly by Plaintiff under the Sleep Doctor Mark.

36. Upon information and belief, Defendants have marketed, advertised, and promoted the Infringing Website and the goods and services utilizing "Sleep Doctor" offered thereon via, inter alia, the internet and online search engines in environments where Plaintiff's Sleep Doctor Mark is also likely to be present. For example, searches conducted using the Google search engine for "sleep doctor store" reveal a "sponsored" result from Defendant Michael Breus that prominently features the Infringing Mark and advertises the online retail store services offered on the Infringing Website. See Example Search Results, attached hereto as **Exhibit I**. The "sponsored" result appears in the search results above Plaintiff's Sleep Doctor Website. See *id.*

9

37. Defendant Michael Breus, under his verified personal account,[3] has purchased approximately 200 separate advertisements via the Google Ads service that are shown to consumers within the State of Michigan and correspond to the services offered on the Infringing Website under the Infringing Mark. See Listing of Advertisements, Michael Jason Breus, Google Ads Transparency Center, attached hereto as **Exhibit J**.

38. Defendants also offer a host of social media accounts under the Infringing Mark, including accounts utilizing "Sleep Doctor" on Facebook, Instagram, X/Twitter, YouTube, TikTok, and Threads. See Screenshots of Social Media Accounts Utilizing the Infringing Mark, attached hereto as **Exhibit K**. Moreover, the "Sleep Doctor" Facebook page indicates that the page's owner changed its name from "The Sleep Doctor, Michael Breus, PhD" to "The Sleep Doctor" on April 4, 2023, and then again to just "Sleep Doctor" on July 18, 2023, further emphasizing the progressive encroachment on and infringement of Plaintiff's Sleep Doctor Mark. See *id.*

39. Upon information and belief, the consumers to which Defendants have provided, marketed, advertised, promoted, offered for sale, and sold its goods and services utilizing "Sleep Doctor" are identical or nearly identical to those of Plaintiff—namely, individuals looking to obtain better sleep via the purchase of core sleep-related products, including mattresses, pillows, and sheets, among others.

40. Defendants' infringing acts utilizing "Sleep Doctor" as alleged herein have caused and are likely to cause confusion, mistake, and deception to consumers as to the source or origin of the services offered on the Infringing Website under the Infringing Mark and have and are likely

---

[3] The Google Ads Transparency Center indicates that advertiser "Michael Jason Breus" has "verified their identity" via submission of a "passport, national/state ID card, driver's license, or residence permit." See **Exhibit J**.

to deceive the relevant consuming public into mistakenly believing that Defendants' online retail store services and sleep-related product recommendations, reviews, and information originate from, are associated or affiliated with, or otherwise authorized, licensed, or sponsored by Plaintiff.

41. Moreover, upon information and belief, Defendants' acts are (i) conducted with full knowledge of Plaintiff's rights in and to the Sleep Doctor Mark and (ii) willful with the deliberate intent to trade on the longstanding goodwill of the Sleep Doctor Mark, cause confusion and deception in the marketplace, and divert potential customers and sales of Plaintiff's goods and services to Defendants.

42. Defendants have been aware of Plaintiff, its Sleep Doctor Mark, and its Sleep Doctor Goods and Services since at least as early as 2008 because of prior communications between Plaintiff's owner, Mr. Roger Wardell, and Defendant Michael Breus, who is featured prominently throughout the Infringing Website and listed as its "Chief Sleep Officer." See Infringing Website, "Meet the Team," attached hereto as **Exhibit L**.

43. Between 2008 and 2010, Defendant Michael Breus contacted Plaintiff regarding the naming and distribution of his own personal mattress brand in hopes of using Plaintiff's Sleep Doctor Mark in connection therewith. Plaintiff did not allow or otherwise grant Defendants any rights in and to the Sleep Doctor Mark, and Defendant Michael Breus utilized another name unrelated to Plaintiff for his mattress brand, which Plaintiff subsequently sold at its Sleep Doctor retail locations from approximately November 2010 to May 2012.

44. Furthermore, on or about October 26, 2023, following Defendants' comprehensive rebrand from "OneCare Media" to "Sleep Doctor," Defendant Bill Fish solicited Plaintiff to acquire "the Sleep Doctor name to sell mattresses," as Mr. Fish identified that "there could be a potential issue" with such use by his company. See October 26, 2023, Email Correspondence from

Defendant Bill Fish, attached hereto as **Exhibit M**. Plaintiff did not enter into an agreement with Defendants or grant Defendants any rights in and to the Sleep Doctor Marks, yet Defendants have nonetheless continued use of the Infringing Mark with full knowledge of Plaintiff's rights in and to the same.

45. In light of Defendants' recent comprehensive rebrand from "OneCare Media" to "Sleep Doctor" and corresponding evolution in "strategic direction" to expand "beyond sleep education" and also offer goods and services that directly overlap those of Plaintiff, Plaintiff is now forced to bring the subject legal action to prevent Defendants' continued encroachment on and infringement of its Sleep Doctor Mark and protect its valuable and longstanding rights therein and thereto.

46. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1)

47. Plaintiff repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein.

48. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and/or services and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and/or services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct, therefore, constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in and to the Sleep Doctor Mark and with the willful intent to cause confusion in the marketplace and trade on Plaintiff's goodwill.

50. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff and its longstanding goodwill and reputation and will continue to both damage Plaintiff and confuse, mislead, and/or deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

51. Plaintiff is entitled to, among other relief, declaratory judgment that Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II: FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

52. Plaintiff repeats and realleges paragraphs 1 through 51 hereof as if fully set forth herein.

53. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive and/or mislead consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and/or services and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and/or services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

54. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

55. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

56. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation, and such conduct will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

58. Plaintiff is entitled to, among other relief, declaratory judgment that Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III: UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES IN VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT**

59. Plaintiff repeats and realleges paragraphs 1 through 58 hereof as if fully set forth herein.

60. The Michigan Consumer Protection Act (MCPA) prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" including, inter alia, "[c]ausing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." See Mich. Comp. Laws § 445.903.

61. Defendants' unauthorized use in commerce of the Infringing Mark is deceptive and likely to cause consumers to believe, contrary to fact, that Defendants' goods and/or services are

14

sponsored, approved, or offered by Plaintiff or that Defendants are in some way affiliated with or sponsored by Plaintiff.

62. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

63. Plaintiff is entitled to, among other relief the Court deems just and equitable, declaratory judgment that Defendants have violated the MCPA, actual damages and reasonable attorneys' fees and costs under the MCPA.

## COUNT IV:  COMMON LAW TRADEMARK INFRINGEMENT

64. Plaintiff repeats and realleges paragraphs 1 through 63 hereof as if fully set forth herein.

65. Defendants' unauthorized use of the Infringing Mark in commerce in connection with Defendants' goods and/or services is likely to cause actual confusion and/or mistake with Plaintiff's valid Sleep Doctor Mark.

66. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendants have violated The Michigan Consumer Protection Act (Mich. Comp. Laws § 445.901 *et seq.*) and the common laws of the State of Michigan.

3. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

(a) Providing, selling, marketing, advertising, promoting, or authorizing any third party to distribute/provide, sell, market, advertise, or promote any goods or services bearing "SLEEP DOCTOR," or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Sleep Doctor Mark;

(b) Engaging in any activity that infringes Plaintiff's rights in and to its Sleep Doctor Mark;

(c) Engaging in any activity constituting unfair competition with Plaintiff;

(d) Engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's Sleep Doctor Marks;

(e) Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and/or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and/or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

(f) Using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin,

or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

(g) Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating "SLEEP DOCTOR," or any other mark that infringes or is likely to be confused with Plaintiff's Sleep Doctor Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

(h) Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and/or services.

5. Directing Defendants to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all social media accounts, websites, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating "SLEEP DOCTOR," or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Sleep Doctor Marks, and to direct all individuals and establishments wherever located in the United States that advertise, promote, sell, or offer for sale Defendants' goods and/or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods,

17

services, advertisements, signs, displays, and other materials featuring or bearing "SLEEP DOCTOR," or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Sleep Doctor Marks, and to immediately remove them from public access and view.

6. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied therewith.

7. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

8. Directing that Defendants account to and pay to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

9. Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

10. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

11. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

12. Awarding such other and further relief as the Court deems just and proper.

                              Respectfully submitted,

                              VARNUM LLP
                              Attorneys for Plaintiff

Dated:  April 5, 2024            By:   */s/ Regan A. Gibson*
                                            Regan A. Gibson (P83322)
                              Business Address, Telephone, and E-mail:
                                      P.O. Box 352
                                      Grand Rapids, MI  49501-0352
                                      (616) 336-6000
                                      ragibson@varnumlaw.com